Shaitck, J.
It is admitted that by the terms of the instrument by which Rumsey transferred his stock to Lentz and his assigns the option to pur'chase the stock for $6,750 was required to be exercised by Harrison as transferee by the first day of September, 1893, and that the exercise of the 'right required the payment or tender to Rumsey of the difference between that sum and the amount then due upon the note. It is also admitted that Harrison did not comply with this requirement otherwise than by notifying- Lentz of his election to take the stock at the price named, and agreeing with him that money belonging to Harrison and held by the firm of which Lentz was a member should be devoted to the payment of the difference. *197 This occurred on the thirty-first day of August, 1893. It is, therefore, indispensable to Harrison’s, claim to be the owner of the stock that Lentz was the agent of Rumsey having authority to receive pay-~ ment of the difference. The opinion of the circuit court shows that this view was taken there and it agrees with the briefs of counsel for the defendant in error.
It is said that the fact of such agency is conclusively established by the finding of the circuit court that “in procuring said loan for Rumsey and in conducting the transactions described in the pleadings herein, Lentz acted solely as the agent and attorney of Rumsey. ” Although this conclusion is stated by the circuit court as one of its findings of fact, and substantially repeated in its conclusions of law, it becomes evident upon a consideration of the entire entry that it was an inference drawn by the court from the primary facts in the case. For it is further found that after the execution of the note there was no communication whatever between Rumsey and Harrison and that from that time until the eighth day of September, 1893,, there was no communication between Rumsey and Lentz except the correspondence set out in the, record. Moreover there was no conflict in the evidence concerning any fact affecting the authority of Lentz as the agent of Rumsey. Whether such agency can be inferred from the undisputed facts, including the written communications, is a question which the conclusions of the circuit court do not foreclose. Concerning the written communications, which passed between Lentz and Rumsey after-the execution of the note and the transfer of stock by the latter it is sufficient to say that counsel designate no part of them which is supposed to; *198 renew or continue the authority given to, Lentz at the time of the execution of the note, and that we find in them nothing having that effect. They relate to the application by Lentz of the proceeds of the note received from Harrison in June, to inquiries concerning the intention of the transferee to take the stock under the option and to Rumsey’s refusal, upon inquiry, to extend the time fixed by the contract for the exercise of the option.
The authority in question seems to have been inferred from the transaction in June when Rumsey executed to Lentz or order his promissory note for $5,000 and executed the transfer of stock to secure its payment, conferring upon the transferee the right to purchase it within the time and upon the terms fixed therein, with knowledge that Lentz was not himself furnishing the money which constituted the consideration for the note and that he was procuring it from some one unknown to Rumsey. It is entirely clear that the transactions clothed Lentz with authority to act as the agent of Rumsey. It is quite as clear that his authority was limited to the receipt of the proceeds of the note and their application according to the directions of Rumsey to the discharge of certain obligations which were pressing him. The duty of Lentz in that regard, it is admitted, has been fully performed by him. The present controversy does not concern either his authority or his good faith with respect to that transaction. When the note and stock were transferred to Harrison he and Rumsey became the adversary parties to the contract whose terms fixed their rights and liabilities. Although Rumsey did not know who held his note and stock, Harrison knew whose note and stock he held There was no circumstance to excuse him *199 from the duty required by theeontraet of tendering the difference between the price of the stock and the note either to Rumsey or to some one authorized by him to receive payment of that amount, and within the time limited.

Judgment reversed and judgment for plaintiff in error.